per curiam:
The plaintiff, an English citizen, lives in England with his wife. She is an American citizen, born in Louisiana, where she lived until 1951. During the taxable years 1969-74, the wife was employed in England as a *823 teacher in schools which the Department of Defense operated for dependents of overseas military personnel.
In each of those years, the plaintiff filed a United States Nonresident Alien Income Tax Return, in which he reported one-half of the salary paid to his wife as community property belonging to him under Louisiana law. He sought refunds of the federal income taxes assessed on that portion of his wife’s salary. When the Internal Revenue Service denied the refunds, the plaintiff filed the present suit seeking a total refund of $5,831.60 plus interest.
The government filed an answer denying liability and a counterclaim for $932.42, plus interest, reflecting an erroneous refund the government made to the plaintiff for one of those years.
More than five years later, the government moved for summary judgment. It states that for the years 1969-70 and 1972-74, all of the amounts the plaintiff seeks have been refunded or credited to other liabilities. It asserts that the salary paid to the plaintiffs wife in 1971 was not community property under Louisiana law, as the Court of Appeals for the District of Columbia Circuit held for that year in Lane-Burslem v. Commissioner, 659 F.2d 209 (D.C. Cir. 1981). It seeks summary judgment on its counterclaim on the theory that, since under the rationale of the latter decision the plaintiff paid no tax in 1973, the refund for that year was erroneous.
In response to the motion, the plaintiff, represented by counsel, states that he "offers no objection and requests that judgment be entered in accordance with defendant’s motion.”
In these circumstances, the defendant’s motion for summary judgment is granted. Judgment is entered for the defendant on its counterclaim for $932.42 plus interest. The petition is dismissed.